LUMINOUS UNIT CO. v. FREEMAN–SWEET CO.

(District Court, N. D. Illinois, E. D. March 27, 1918.)

No. 930.

1. PATENTS ⬤⟜36, 45—VALIDITY—INVENTION.

Where a device in an art crowded with a multitude of similar forms secures an immediate and notable success, that in itself is sufficient evidence of invention and conclusive evidence of novelty.

2. PATENTS ⬤⟜328—INFRINGEMENT—WHAT CONSTITUTES.

The Guth patent, No. 1,076,418, for an improved electric lamp for semi-indirect illumination, held infringed as to claim 1 by a device manufactured under the subsequent Adams patent, No. 1,121,577; the device therein described, while differing slightly in means used, accomplishing the same result.

3. PATENTS ⬤⟜120—DOUBLE PATENTING—APPLICATION.

The rule of double patenting, under which a subsequently issued patent for a device already patented is void, although application for the latter was first filed, applies to an earlier design patent and a later mechanical patent; and the rule is the same, though the patents be granted to the same or different persons.

4. PATENTS ⬤⟜120—DOUBLE PATENTING—EFFECT.

Where a design patent for a lighting fixture similar in appearance to the drawing of the mechanical patent asserted to be infringed was issued first, and plaintiff, which acquired the design as well as the mechanical patent, was defeated in a suit against defendants, wherein infringement of the design patent was charged, the rule of double patenting cannot be invoked as an estoppel against plaintiff's asserting an infringement of the mechanical patent; it appearing that the application for the mechanical patent was first in point of time, and that the patentee of the

design patent had no conception whatever of the discovery set forth in the mechanical patent.

In Equity. Suit by the Luminous Unit Company against the Freeman-Sweet Company for infringement of patents. Decree for plaintiff.

Dodson & Roe, of Chicago, Ill., for plaintiff.

Walter H. Chamberlin, of Chicago, Ill., and Paul Bakewell, of St. Louis, Mo., for defendant.

SANBORN, District Judge. This is an infringement suit on patents issued to Edwin F. Guth for an electric lamp, Nos. 1,076,418 and 1,082,322. Both patents were sustained in Luminous Unit Co. v. R. Williamson & Co. (D. C.) 241 Fed. 265, affirmed 245 Fed. 988, ——, C. C. A. ——, and the second one held not infringed. The lighting fixture is fully described in the opinion of the District Court in the Williamson Case, and that description need not be repeated here.

[1] *The Question of Validity.*—Novelty and patentability are again vigorously attacked, but it is not necessary to discuss the questions again. It is enough to say that to enter an art crowded with a multitude of similar forms and secure an immediate and notable success is in itself sufficient evidence of invention and conclusive evidence of novelty. The very fact that there are many similar devices generally resembling the new one, which have had only a brief success, or none at all, instead of indicating a want of invention, is the best evidence to the contrary. Where many failed, one has succeeded, and in so brilliant a fashion as to suggest the presence of the magic touch which is invention. At once recognized by scores of practical men as something entirely new, simple, and attractive, and unique in its almost severe simplicity, promptly copied by competitors in almost every detail, it must be that Mr. Guth should have credit for something more than skillful copying or mere mechanical skill.

[2] *Infringement.*—The Freeman-Sweet lamp is similar in general style and appearance to that described in the Guth patent, but the underside of the canopy is not literally or wholly flat, as required by the two claims, and for this reason infringement is denied. The defendant's claim is made under the later Adam patent, No. 1,121,577. Adam distinguishes his structure from Guth's by the following description:

"In one form of semi-indirect lighting fixture that is now in use the top reflector is provided with a flat, horizontally disposed reflecting surface, and the shield or inverted bowl that is positioned under the lighting unit is formed from translucent material. The translucent shield or bowl reflects the secondary rays of light upwardly onto the top reflector, and these secondary rays are then projected downwardly through the translucent shield, and some of the direct rays that are reflected onto said top reflector are projected outwardly and downwardly without passing through the translucent shield. Owing to the fact that the reflecting surface on the top reflector is flat and is disposed in a horizontal plane, a large volume of the secondary rays which are projected downwardly through the translucent shield pass through the electric lamp bulb which constitutes the lighting unit, and if the bulb is old and blackened with age the rays fail to pass through same, thus causing a great loss of light. Furthermore, the rays that strike the top re-

flector at points outside the greatest diameter of the translucent shield are projected downwardly at a very slight angle to a horizontal plane, and consequently are thrown radially or outwardly from the fixture in planes that are inclined downwardly only slightly with relation to the ceiling of the room. The upper edge of the inverted bowl, or shield that is positioned under the lamp bulb is lower than the top of the lamp filament, and consequently some of the direct rays pass over the upper edge of the shield without striking the top reflector, thus producing an intense glare on a horizontal plane, which is very objectionable. Still another objectionable feature of the lighting fixture above-mentioned is that it is not possible to form the top reflector of same, when said reflector is of considerable diameter, of porcelain enameled sheet metal owing to the tendency of the metal to twist and bend out of shape from the heat when it is being enameled, thus destroying the flat horizontally disposed reflecting surface which is an essential feature of the top reflector.

"The main object of my invention is to provide a semi-indirect lighting fixture of the general type above mentioned, but which is distinguished from the fixture of the particular form previously described, in that the top reflector is so designed that the direct rays will be thrown downwardly at a rather abrupt angle to a horizontal plane, and the secondary rays will be projected downwardly through the translucent shield without causing a large volume of the secondary rays to pass through the lamp bulb, thus causing the rays to be thrown where they are most needed and insuring an efficient light, even after the lamp bulb has become blackened with age. To this end I have devised a semi-indirect lighting fixture, in which the top reflector is provided with two independent reflecting surfaces, that are disposed at a slight angle with relation to each other and also with relation to horizontal plane; one of said reflecting surfaces, namely, the one that is located at the outer edge of the reflector, causing the direct rays to be projected outwardly and downwardly at such an angle that the rays are concentrated, instead of being thrown outwardly in a plane approximately parallel to the ceiling, and the other reflecting surface, which is located at the center of the reflector, causing a large volume of the secondary rays reflected from the translucent shield to be projected downwardly through said shield without striking or passing through the lamp bulb."

It will be seen from the description that Adam changes the shape of his upper reflector or canopy, by making the lower surface of two independent reflecting surfaces at a slight angle to each other, and he attributes to this change a different function and result from that of Guth, who specifies a flat surface. Thus there is in Adam's device a slightly different means, and, if there is also another function and a different result, infringement is avoided. This is really the true test.

In this question the testimony of the witness Vaughn, in respect to his repeated tests, together with his charts, exhibiting the result of such tests, clearly shows that defendant's canopy reflects substantially the same number of rays to a given point in the working plane where the light is needed as does the Guth device. More of the rays are reflected in the horizontal plane, but the difference is so slight as to be negligible. The two devices give substantially the same results, so that the slight angle in the canopy surface is of no importance. In view of the quite unusual advance in the art made by Guth, in a field literally swarming with light devices, it seems clear that the first Guth claim should have a sufficient range to take in a lamp which operates practically in the same way and gives also identical results. The first claim should therefore be held infringed, but not the second, which calls for a reflector which is wholly flat.

[3, 4] *Double Patenting—Estoppel.*—Another defense raised is that of an equitable estoppel by adjudication, depending upon the following facts: A design patent was issued to Raymond V. Owen March 4, 1913, for a lighting fixture similar in appearance to the drawing of the Guth patent. Guth was earlier in application, but later in date. In March, 1915, the plaintiff in this suit, having acquired the Owen patent, brought an infringement suit upon it against a Missouri corporation, the Frank Adam Electric Company, in the United States District Court at St. Louis. The fixtures claimed to infringe were substantially the same as those now held to infringe the Guth patent. At the time the St. Louis suit was brought the plaintiff (Luminous Unit Company) also owned the Guth patent in suit. The court decided there was no infringement and dismissed the bill. Plaintiff took an appeal, but it was dismissed. The Freeman–Sweet Company, defendant here, bought the infringing lamps from the Reflectolyte Company, successor in title to the Frank Adam Electric Company, defendant in the St. Louis suit. The Owen design patent expired before this present action was brought, and before the Freeman–Sweet Company purchased the infringing lamps from the Frank Adam company's successor in title. The public was then free to use the design of the Owen patent, and defendant could lawfully deal in it. Therefore the Luminous Unit Company, owning both patents and suing on one which has expired, having been beaten in the suit, is said to be equitably estopped to sue on the other, because they show devices which are alike in appearance.

This is the theory in support of the equitable estoppel claimed; and it is said that, to the extent the Owen patent discloses the same design and construction claimed in the Guth patent, defendant and the public have been set free to make use of and sell the design which was held not to infringe the Owen patent, although it may infringe the Guth patent. To simplify the matter, suppose Guth takes out a design patent on the drawings shown in the patent now in suit (two figures in which resemble the Owen design), and sues defendant on the design patent. The court holds that defendant's fixture does not look like the design, and dismisses the bill. Upon this Guth sues the same defendant under his main patent, after the other expires, on the theory that, although the fixtures do not look like its figures, yet in fact they read on his claims, and therefore infringe. In the case supposed it might be, if the design patent were earlier than the mechanical one, that the latter would be void.

The important point is that, if the design patent was first issued, although the mechanical one was first applied for, and if they are the same, the latter is void, because it is a case of double patenting; and when the design patent expires the public may freely use what it covers, and hence may use the mechanical patent also. Where two patents showing the same invention or device are issued, the later one is void, although the application for it was filed first. Under such circumstances it is the issue date, not the filing date, which determines priority between the two. Suffolk Mfg. Co. v. Hayden, 3 Wall. 315,

18 L. Ed. 76, reaffirmed in Miller v. Eagle Mfg. Co., 151 U. S. 197, 14 Sup. Ct. 310, 38 L. Ed. 121. The reason for the rule is:

"That the power to create a monopoly is exhausted by the first patent, and for the further reason that a new and later patent for the same invention would operate to extend the monopoly beyond the period allowed by law." Miller v. Eagle Mfg. Co.

It makes no difference whether the two patents be granted to the same or different persons. James v. Campbell, 104 U. S. 356, 26 L. Ed. 786; Caliga v. Inter-Ocean Newspaper Co., 215 U. S. 182, 30 Sup. Ct. 38, 54 L. Ed. 150. That the rule of double patenting may apply as well to an earlier design and later mechanical patent was decided in the horse-shoe case, Williams Calk Co. v. Neverslip Mfg. Co. (C. C.) 136 Fed. 210, affirmed 145 Fed. 928, 76 C. C. A. 466, and in President Suspender Co. v. Macwilliam (D. C.) 233 Fed. 438; Id., 238 Fed. 159, 151 C. C. A. 235.

The question presented here is therefore whether the Owen design patent is substantially for the same invention as the Guth mechanical patent. Owen shows a canopy and suspended inverted globe, much further below the canopy than is required by the Guth conception. Whether the lower surface of the canopy is flat or concave, or is made of transparent, translucent, or opaque material, does not appear. The inverted globe is also much more shallow. If equipped with a lamp, the structure would not work like the Guth device, even if the canopy were opaque. Apparently Owen had no conception whatever of Guth's previous discovery. Add to this the fact that Guth was really earlier in time, and it becomes absolutely clear that the technical rule of double patenting should not be applied.

*The Patent for Suspending Means.*—This invention is narrowly valid, but defendant does not use it. It should be held valid, but not infringed.

There should be a decree sustaining both patents, declaring the first patent infringed as to the first claim, the second one not infringed, and for injunction and accounting, without costs for or against either party.