## BIDWELL et al. v. TOLEDO CONSOL. ST. RY. CO.

(Circuit Court, N. D. Ohio, W. D. February 20, 1896.)

PARTIES—NONRESIDENT CORPORATION — VOLUNTARY APPEARANCE—WHAT CONSTITUTES.
    A nonresident corporation which cannot be served, and which does not intend to become a party, is not to be considered as making a voluntary appearance, so as to justify the court in making it a party to the record, merely because it assumes the defense of the suit for the actual defendant, pursuant to previous contract, and conducts the same

by its own attorneys, and in part by witnesses who are under salary from it at the time of testifying. Manufacturing Co. v. Miller, 41 Fed. 351, distinguished.

This was a bill by Benson Bidwell and others against the Toledo Consolidated Street-Railway Company for alleged infringement of a patent. The cause was heard upon an application by complainants for leave to amend their bill by making the General Electric Company a party defendant.

Frank H. Hurd and Orville S. Brumback, for complainants.

Frederick A. Betts, J. E. Hinton Hyde, and Smith & Baker, for defendant.

RICKS, District Judge. The complainants have made application to this court for leave to amend their bill by making the General Electric Company, a nonresident corporation, a party defendant to this suit. It is not claimed that said proposed defendant is within the jurisdiction of the court, and amenable to its process, or that it can be brought in by original subpœna. It is sought to hold it as a defendant in this case because it is alleged the counsel who are preparing and conducting the defense for the Toledo Consolidated Street-Railway Company are the general counsel for said proposed defendant. It is further contended that because said counsel have so assumed the defense of this case; have furnished witnesses in the employ of the General Electric Company to testify on behalf of the defendant; that such witnesses, while so testifying, have been under salary from the General Electric Company; and that the latter has in fact agreed to protect the said the Toledo Consolidated Street-Railway Company in the use of the appliances which it is claimed are an infringement of complainants' patent, and that it will conduct any defense which the said railway company may be called upon to make in court by reason of the use of such appliances,—that by such conduct it has, in legal effect, entered its appearance in the suit.

The court passed upon an application of a somewhat similar character, made in this case, some time ago. From a statement of the facts as above made, it will be observed that the court is now asked to declare that the General Electric Company, by assuming the defense of this suit, as alleged, on behalf of the Toledo Consolidated Street-Railway Company, has in fact entered its general appearance, and made itself a defendant in this case, and is to be bound by the decree, if one should be made in favor of the complainants and against the defendant. It is not claimed that there was any intention on the part of the General Electric Company to become a party to this case, or that there is any such desire on its part. It is sought to make the decree in this case binding upon that corporation because of the acts before stated.

Is it possible for a court to make any orders in this case, under these facts, which would make said corporation a party defendant in this suit against its wish? Counsel insist that the court has authority to make such an order, and that it should be made to

promote justice. It is urgently contended that the plaintiff is now in fact prosecuting this case against both the Toledo Consolidated Street-Railway Company and the General Electric Company; that the latter is giving to its vendee and the user of its electrical appliances the benefit of its great corporate wealth and influence, and the benefit of the experience and ability of its counsel; and that if, as the result of such a contest, the complainants should prevail, they should have the benefit of their victory by securing a decree which would be binding and conclusive upon the General Electric Company in any subsequent litigation that may occur between the parties.

In support of this contention, counsel cite the case of Manufacturing Co. v. Miller, 41 Fed. 351. That was a case in which the complainant filed a bill against the defendants to maintain the validity of the letters patent which it was claimed the defendants had infringed by the use of certain agricultural implements. The defendants were agents for the manufacturing concern of Mast & Co., a corporation created·under the laws of the state of Ohio, which made and sold the infringing machines. Mast & Co., as its interests required, conducted the defense for its agents; and, when the decree was entered in the case in favor of the complainants, the court said:

"It is made clear that Mast & Co. is the principal party in interest, being the manufacturer of the machine sold by the defendants Miller, and bound by contract with them to protect them against any consequences of infringement. It has had notice of the pendency of this suit, and, in fact, has assumed the control and management of the defense; and therefore, under the doctrine of the cases just cited [Lovejoy v. Murray, 3 Wall. 1; Robbins v. Chicago, 4 Wall. 657], the decree herein will, in fact, be binding upon the corporation. No good reason is perceived why, by apt statement in the decree, it may·not be made to appear upon the face of the decree that in fact the Mast & Co. Company is bound by the results reached in the progress of the litigation in which it has been actively engaged; for that, in effect, is only stating in set phrase the force which the decree would in fact have as against the corporation."

In that case the defendants had filed an amendment to the original bill making the Mast & Co. Company a party defendant, but no subpœna was issued or served upon the corporation, and the company never answered the bill, nor in its own name did it enter its appearance in the case. But the case cited comes very far from sustaining the contention now made by the complainant in this case. It will be observed that, in the case cited, Mast & Co. was not in fact made defendant. The decree upon its face did not profess to run against Mast & Co., or to be binding in its terms upon it. All that Judge Shiras intended to accomplish by that decree was to so state the facts as to make it an estoppel against Mast & Co. in any subsequent litigation in which the same subject-matter might be involved. That was as far as that decree was intended to go, because the cases cited only supported him to that extent.

In the case of Lovejoy v. Murray, 3 Wall. 1, the court decided that, when a plaintiff in an attachment suit gives a bond of indemnity to an officer to protect him for acts done in executing the writ

of attachment, such plaintiff becomes a joint trespasser with the officer, and that when thereafter the attaching officer is sued, and when the party who has indemnified the officer takes upon himself the defense of the suit, such party is concluded by the judgment against the officer when such indemnifying party is afterwards sued for the same trespass. In other words, the supreme court held in that case that the party who indemnified the attaching officer became so related by his own act with the defense of the suit brought against the attaching officer that, in subsequent litigation, he was estopped from claiming that he had no connection with such suit, and that he was in fact concluded by the judgment against the officer.

In the other case cited by Judge Shiras, to wit, Robbins v. City of Chicago, 4 Wall. 657, the court applied the same doctrine that was declared to be the law in the case of Lovejoy v. Murray. Robbins was the owner of a lot in the city of Chicago, upon which he had wrongfully "dug, opened, and made" an area in the sidewalk adjoining, and left it so unguarded that one Woodbury fell into it, and was severely injured. Woodbury instituted suit against the city, and recovered for his injuries $15,000 damages, which sum the city paid. Thereafter the city sued Robbins, the owner of the lot, to reimburse it for the amount of damages so paid by it. In this latter suit it appeared that Robbins had had notice from the city solicitor of Chicago of the pendency of the Woodbury suit, of the court in which it was instituted, and when it was to be tried, and that he had assisted in securing evidence in behalf of the defense. When sued by the city, Robbins was held to be bound by the recovery granted in the former suit of Woodbury against the city, and to be concluded thereby, although not a formal party of record in that case.

These are the cases relied upon by Judge Shiras to support his decree in the case cited by complainants' counsel. They could not have been cited as authority to support the construction which counsel in this case now seek to put upon the decision made by Judge Shiras in the case to which reference has been made. As before stated, Mast & Co. were not made parties to the suit before Judge Shiras, and the decree did not undertake to bind them as a party defendant, but simply undertook to show such a state of facts as would tend to estop them in subsequent litigation from again controverting the issues made in the suit of which they had notice, and in which they were interested, and in which they participated in the manner stated.

It may be that, on the final hearing of this case, the evidence may disclose such conduct on the part of the General Electric Company—such a participation in the actual defense of this case—as will justify the court in making a statement of such facts on the face of the decree, to the end that, in subsequent litigation involving the same issues or the same interests, the complainants may have a right to contend that the General Electric Company is estopped from further defending against the same. That is as far

as the court went in the case cited in 41 Fed. 351. It is significant to remark, in connection with that case, that, when it came for hearing in the supreme court (see 151 U. S. 186, 14 Sup. Ct. 310), no reference whatever is made in the opinion of that court to the question decided by Judge Shiras. It is true that it became unimportant, because the supreme court ordered the bill dismissed, and found that there was no infringement; but nowhere in the statement of the case or in the opinion of the court is any allusion made to the question we have been considering.

I am therefore of the opinion that as the General Electric Company is a nonresident corporation, and cannot be brought into this court by original subpœna, leave cannot be given to amend the bill to make it a party against its will, by reason of the facts hereinbefore stated.

In view of the conclusion reached, it is not necessary to consider the proposition contended for by complainants' counsel that the General Electric Company might waive the question of citizenship, and that it has so waived it by the acts hereinbefore stated.

The question of whether it has so identified itself with this case as that it may be hereafter estopped in subsequent litigation from again defending as to the issues or interests now involved is a question, as I have before said, which can only be passed upon at the final hearing, and in the final decree. This is certainly as far as the court, under any circumstances, would have authority to act. I can find no authority for the proposition that by such action as the General Electric Company has taken with reference to this case, as hereinbefore stated, it has made itself (being a nonresident corporation), against its own intention and wish, a party defendant in this case, and thereby conferred upon the court authority to make a decree binding and conclusive upon it as a party defendant. It may have put itself in a position to estop it in subsequent litigation, as heretofore stated. It will be proper to determine that question when it arises.

The motion is overruled.

I have waited some 10 days for the brief of counsel for the General Electric Company upon the question herein decided, but having fully investigated it in the light of complainants' brief, and having reached a conclusion which is entirely satisfactory to me, I have not deemed it necessary to wait for respondent's brief.