# RADFORD *v.* MYERS.

ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

No. 251. Submitted December 3, 1913.—Decided January 5, 1914.

Whether due effect was given by the state court to a judgment rendered in the Circuit Court of the United States presents a Federal question which gives this court jurisdiction to review the judgment of the state court, and to determine the question this court will examine the judgment in the Federal court, the pleadings and the issues and, if necessary, the opinion rendered.

Where the suit in which the former judgment is set up is not upon the identical cause of action the estoppel operates only as to matters in issue or points controverted and actually decided in the former suit.

Judgments become estoppels because they affect matters upon which the parties have been heard, but are not conclusive upon matters not in question or immaterial. *Reynolds* v. *Stockton,* 140 U. S. 254.

In a suit in which two of the parties successfully unite in asking the court to award the fund to one of them against a third party claiming it under an assignment, the judgment is not, as between the two so uniting, *res judicata* so that the one to whom it is awarded is not obligated to account therefor to the other under an agreement so to do, if the record does not show that such question was also at issue and determined.

167 Michigan, 135, affirmed.

THE facts, which involve the effect to be given by the state court to a former judgment in a suit between some of the parties rendered by the Circuit Court of the United States and the extent to which such judgment was *res judicata* of the matters in controversy, are stated in the opinion.

*Mr. Thomas A. E. Weadock* for plaintiff in error:

Whether a state court has given due effect to the decision of a United States court is a Federal question. *Dupasseur* v. *Rochereau,* 21 Wall. 130; *Embry* v. *Palmer,* 107

U. S. 3; *Pendleton* v. *Russell*, 144 U. S. 640; *Central Bank* v. *Stevens*, 169 U. S. 432; *Hancock Bank* v. *Farnum*, 176 U. S. 640; *Werlein* v. *New Orleans*, 177 U. S. 390; *National Foundry* v. *Oconto Supply Co.*, 183 U. S. 216.

Matters in issue and decided by the judgment of a court having jurisdiction of the parties and the subject-matter of the suit are conclusively settled, and cannot be litigated again between the parties to that suit or any of their privies. 23 Cyc. 1215; *Hopkins* v. *Lee*, 6 Wheat. 109; *Cromwell* v. *Sac County*, 94 U. S. 351; *Johnson Co.* v. *Wharton*, 152 U. S. 252; *Southern Pacific Co.* v. *United States*, 168 U. S. 1.

A right, question or fact once put in issue and decided is concluded in any future action between the same parties or their privies, whether the subsequent action is for the same or a different cause of action. *New Orleans* v. *Citizens' Bank*, 167 U. S. 371.

A judgment is a bar to any future action between the same parties or their privies upon the same cause of action. *Cromwell* v. *Sac County*, 94 U. S. 351; *Dowell* v. *Applegate*, 152 U. S. 327; *Werlein* v. *New Orleans*, 177 U. S. 390.

Or as this last rule has more recently been very aptly stated—a judgment is conclusive as to all the *media concludendi*. *United States* v. *California Land Co.*, 192 U. S. 358; *American Exp. Co.* v. *Mullins*, 212 U. S. 312; *United States* v. *Southern Pac. Co.*, 223 U. S. 565; *Troxell* v. *D., L. & W. R. Co.*, 227 U. S. 434; 2 Black., Judgm. (2d ed.), § 506.

Those are held to be parties who have a right to control the proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from the decision. 2 Black., Judgm. (2d ed.), p. 808; 23 Cyc. 1240.

Matters which follow by necessary and inevitable inference from the judgment itself are equally covered by the estoppel as if they were specifically found in so

many words. 23 Cyc. 1306; *Nat. Foundry Co.* v. *Oconto Co.*, 183 U. S. 216; *Werlein* v. *New Orleans*, 177 U. S. 390; *Winona Land Co.* v. *Minnesota*, 159 U. S. 526; *Nalle* v. *Oyster*, 230 U. S. 165.

The estoppel covers matters which were actually determined, whether technically put in issue by the pleadings or not. 23 Cyc. 1304; 2 Black., Judgm. (2d ed.), § 614.

There need be no pleadings between co-parties in order that they may, as between themselves, be bound by the judgment, if they were essentially adversary parties, or their respective rights were in issue. *Baldwin* v. *Hanecy*, 204 Illinois, 281, affirming 104 Ill. App. 84; *Kohly* v. *Fernandez*, 133 App. Div. (N. Y.) 723; affirmed 201 N. Y. 561; *Corcoran* v. *Ches. & Ohio Canal Co.*, 94 U. S. 741; *Louis* v. *Brown Township*, 109 U. S. 163.

This is also the Michigan rule. *Waldo* v. *Waldo,* 52 Michigan, 91, 93; *Scripps* v. *Sweeney,* 160 Michigan, 148, 177.

The Federal decision is a bar to this litigation between the plaintiff in error and Col. Myers as to the half of the judgment paid by Luzerne County into the United States court.

No counsel appeared for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

Elijah E. Myers brought this suit in the Circuit Court of Wayne County, State of Michigan, against George W. Radford, the plaintiff in error herein, for an accounting and for a decree for the balance due him from a judgment in a suit of the former in which the latter acted as one of his attorneys and received the amount of the judgment. Myers having died during the pendency of the action, it was revived in the name of his executrix, the defendant in error. The decree of the Circuit Court in favor of the

defendant in error was affirmed by the Supreme Court of
the State of Michigan (167 Michigan, 135), and the case
comes here on error.

. The record discloses that Myers had entered into a
contract with the County of Luzerne, State of Pennsylvania, to furnish the plans and specifications for a court-
house and had certain claims against the County arising
therefrom. Counsel had been employed and suit com-
menced, but little progress made. Myers had assigned a
one-half interest in the contract to his son, George W.
Myers. In this state of affairs the elder Myers employed
the plaintiff in error, who had theretofore been his attorney
and to whom he was indebted, to prosecute the court-house
claim. To secure his indebtedness to Radford, Myers
assigned his remaining one-half interest in the claim to the
plaintiff in error. Later, April 2, 1900, George W. Myers
assigned his one-half interest to the plaintiff in error, the
latter to account to him for the proceeds after deducting
a $1,000 attorney's fee and one-half of the costs, to which
assignment Elijah E. Myers gave his written assent; and
shortly thereafter, April 11, 1900, George W. Myers, in
consideration of $150, transferred his interest in his prior
assignment and in the assignment from his father to him
to the plaintiff in error.

The plaintiff in error engaged local counsel in Pennsyl-
vania, who commenced suit in the United States Circuit
Court for the Middle District of Pennsylvania, and
prosecuted the court-house claim to a successful termina-
tion (*Myers v. Luzerne County*, 124, Fed. Rep. 436).
Thereupon George W. Myers intervened in that suit,
setting up his right to one-half of the judgment, claiming
that his assignment to Radford had been fraudulently
obtained; and one-half of the amount of the judgment
was paid into court. Upon the petition of the plaintiff
in error to remove the money, the jurat of which was
signed by Elijah E. Myers, the court decreed that the

assignment was valid and awarded the fund to Radford, and dismissed George W. Myers' claim.

Elijah E. Myers thereafter brought this suit, alleging among other things that Radford, on April 11, 1900, acting on his behalf, purchased the one-half interest assigned by him to George W. Myers, and that at that time it was distinctly understood and agreed between the plaintiff in error and himself that the one-half interest so purchased, with the one-half interest assigned by him to Radford, should be held as security for the payment of all his indebtedness to Radford for loans and services and for the payment of the $150 given by Radford to George W. Myers and all costs in the litigation of the court-house claim, and that, after deducting such amounts from the judgment collected, the plaintiff in error should pay the balance to him. The plaintiff in error contended that the judgment in the United States Circuit Court was *res judicata* as to his right to the one-half interest in the court-house claim assigned to him by George W. Myers. He further alleged, however, that, notwithstanding his absolute ownership of the George W. Myers' one-half interest, he purchased it with the distinct intention that he would apply for the benefit of Elijah E. Myers the balance, if he succeeded in collecting the claim, after paying expenses and services and all Myers' indebtedness to him. But, he alleged, he did not intend to waive his right as absolute owner or allow Myers to dictate the amount of expenses, services or indebtedness. The Circuit Court entered a decree for the balance due Myers.

The Supreme Court held that the assignment of April 2, 1900, was merged in the assignment of April 11, 1900, and also held that the Federal decision in Pennsylvania had not determined that the trust relation between the plaintiff in error and Elijah E. Myers had terminated; as to which holdings the plaintiff in error assigns error, upon the failure of the Supreme Court to give due credit in those

respects to the judgment of the United States Circuit
Court.

From the foregoing statement it is evident that the sole
Federal question involved arises from the alleged denial
in the judgment of the Supreme Court of Michigan of due
effect to the judgment rendered in the United States Circuit
Court in Pennsylvania, which is relied upon by the plaintiff
in error as *res judicata* of the matters in controversy.
Whether such effect was given as the former judgment re-
quired presents a Federal question for determination. *Na-
tional Foundry & Pipe Works* v. *Oconto Water Supply Co.*,
183 U. S. 216, 233. To determine this issue we examine the
judgment in the former case, the pleadings filed and the is-
sues made, and, if necessary to elucidate the matters de-
cided, the opinion of the court which rendered the judgment.
*National Foundry & Pipe Works* v. *Oconto Water Supply
Co.*, *supra*, 234, and previous cases in this court therein cited.

As the suit in the Michigan court was not upon the
identical cause of action litigated in the United States
Circuit Court the estoppel operates only as to matters in
issue or points controverted and actually decided in that
suit. *Cromwell* v. *Sac County*, 94 U. S. 351; *Southern
Pacific R. R. Co.* v. *United States*, 168 U. S. 1, 50; *Troxell*
v. *Del., Lack. & West. R. R.*, 227 U. S. 434, 440.

Applying these familiar principles, how stands the
present case? The elder Myers brought this suit upon the
theory that the amount of the judgment which had been
paid over to Radford on August 22, 1903, which the Su-
preme Court of Michigan found was $12,711.23, was held
in trust and to be accounted for by Radford to him be-
cause of the agreement set up in the complaint in the
state court, already referred to. The record of the pro-
ceedings in the United States Circuit Court shows that
one-half of the money due upon the claim of Elijah E.
Myers against Luzerne County had been paid into court
in the original suit of Myers against Luzerne County.

Radford had filed a petition asking for the payment of the money to him as the owner of the judgment. George W. Myers, as respondent, filed an answer, claiming the amount in court and attacking his assignment to Radford. It was upon that petition and answer and testimony that the case was heard and the following order made:

In the United States Circuit for the Middle District of "Pennsylvania, February Term, 1903.
"No. 3.
"Elijah E. Myers
v.
"County of Luzerne.
" In the Matter of Petition of George W. Radford to Take Money Out of Court.
"At a Session of said Court Held at Scranton, in said District, on the 31st Day of July, One Thousand Nine Hundred and Three.
"Present: Honorable R. W. Archbald, District Judge.

"The above matter having heretofore been heard upon said petition, answers and proofs, and the same having been argued by counsel for Petitioner, as well as for the Respondent, respectively, and due consideration had thereon, it is now ordered, adjudged and decreed that the assignment from Respondent to Petitioner of the 11th day of April, one thousand nine hundred is valid, and an absolute assignment of all the interest of said Respondent in the said contract between Elijah E. Myers and the County Commissioners of Luzerne County of date Feb. 22, 1895, and that the fund in court be awarded to Petitioner, George W. Radford; and that the claim of George W. Myers, Respondent, be dismissed with costs to be taxed against said Respondent."

A reading of this order, which is said to embody the Federal judgment relied upon by the plaintiff in error as *res judicata* of the present controversy, shows that the only matter adjudged concerned the assignment from the

respondent (Radford) to the petitioner (George W. Myers), of date the eleventh day of April, 1900, the court holding that it was an absolute assignment of the interest of the respondent in the contract between Elijah E. Myers and the County of Luzerne, awarding the fund in court (which was one-half of that recovery) to the petitioner, and decreeing that the claim of the respondent be dismissed and that he pay all the costs. Certainly there is nothing in that judgment to conclude the present suit in the state court between Elijah E. Myers and Radford. The proceeding in the United States Circuit Court in Pennsylvania is specifically limited to the controversy between Radford and the respondent in that proceeding, George W. Myers. If there could be any doubt as to the effect of the order, the opinion of Judge Archbald found in the record shows how the matter was regarded by him. The opinion recites that, a verdict having been rendered in favor of Elijah E. Myers, because of a controversy with respect to one-half of it, leave of court had been given to pay one-half of the judgment into court, and that the petitioner, Radford, and George W. Myers, by each of whom ownership was asserted, by pleadings and proof had submitted the matter to that court, and that it had jurisdiction to determine to whom the fund belonged. After referring to the original contract and the various steps to collect the money from the County of Luzerne and the assignment of a one-half interest from the elder Myers to his son in 1896, Judge Archbald said (124 Fed. Rep. 438:)

"Col. Myers explained to Mr. Radford that one-half the contract had already been assigned to George, and it was recognized that if he held on to the assignment there would be little, if anything, coming to Col. Myers after he had settled with Radford. But it was stated by Col. Myers that the assignment was without consideration, and if he succeeded, as he hoped, in getting George to surrender it, then Radford was to account to him for that

interest also, after deducting for expenses and services. The trust relation so established still continues."

The opinion then goes on to consider elaborately the claim of George W. Myers to the one-half interest paid into court, as against Radford, and finds that the assignment of April 11, 1900, was a valid sale from George W. Myers to Radford and that the assignment was absolute in form and intended by George W. Myers as a complete disposition to Radford for $150 of the one-half interest derived from his father. The judge concludes his opinion by directing that an order be drawn awarding the fund to Radford, and dismissing the claim of George W. Myers with costs. Thereupon the order which we have already set forth was made.

The fact that the order was made in an intervention in the original suit of *Myers* v. *Luzerne County* and that Myers verified the petition filed by Radford asking to have the fund in court paid over to the latter, did not raise any issue between Elijah E. Myers and Radford as to the alleged agreement that Radford should account to Myers for the fund. And the fact that both Elijah E. Myers and Radford were parties in the same suit did not have the effect to submit the controversy made in the present litigation to the decision of the United States Circuit Court. Judgments become estoppels because they affect matters upon which the parties have been heard or have had an opportunity to be heard, but are not conclusive upon matters not in question or immaterial. *Reynolds* v. *Stockton*, 140 U. S. 254, 268, 269.

It seems very clear that there was nothing in this proceeding, in the issues made or the judgment rendered, that in any wise concluded the right of Elijah E. Myers to bring suit, which he subsequently prosecuted in the state court, calling upon Radford for an accounting concerning the proceeds of the judgment in his hands.

*Judgment of the Supreme Court of Michigan affirmed.*