## FREEMAN-SWEET CO. et al. v. LUMINOUS UNIT CO.*

(Circuit Court of Appeals, Seventh Circuit. October 8, 1919. On Motion for Specific Directions in the Matter of Costs and for Cancellation of Bond, March 15, 1920.)

### No. 2651.

1. **Patents ⟳327—Effect of prior decision on validity of patent stated.**

While a former decision as to the validity of a patent is not res judicata in a subsequent suit against persons not parties to the former suit, it is more than persuasive. The validity of a patent, once sustained, is not subject to complete re-examination at the instance of each subsequent alleged infringer; but, although new matter, not merely cumulative, will be given full consideration, the determination of the validity of a patent on full hearing on a contested suit will not be reconsidered, unless clearly shown to be erroneous.

2. **Patents ⟳328—For electric light infringed.**

The Guth patent, No. 1,076,418, for an improved electric lamp, *held* infringed.

3. **Appeal and error ⟳1050(2)—Evidence ⟳43(3), 340(1)—Uncertified copy of record in prior case inadmissible; not prejudicial; court judicially knows its records.**

While plaintiff's uncertified copy of its own record in an earlier patent suit was inadmissible in evidence, no harm resulted from its admission, as it was unnecessary to introduce the record, for the court takes judicial notice of its records for all proper purposes.

4. **Patents ⟳290, 291—Making defending vendor formal party defendant held improper.**

In patent suit in federal District Court in Illinois, seeking injunction, damages, and accounting of profit for infringement, where, at the trial, counsel of record for the sole defendant stated, in answer to inquiry, that he had been employed and was compensated by a Missouri company to defend its vendee, defendant, it was improper, over counsel's objection, to make the Missouri company a defendant and compel it to submit to an accounting in Illinois, where it had no regular and established place of business, for all infringements committed in the course of its business in Missouri; its employment of counsel for defendant and his frank statement of the facts not being a general appearance by the company as defendant, although as privy it would be bound by the decision as to validity and infringement.

5. **Patents ⟳323, 324(4)—Decree determining validity "final decree"; appeal not dismissed because patent was surrendered and reissue granted.**

Since a decree determining validity and infringement of a patent and granting a permanent injunction is final in essence, even though interlocutory in time relation, the cause wherein such a decree has been entered will not be dismissed on appeal therefrom because, after appeal, the original patent was surrendered and a reissue patent granted, for the rights of the parties are determined as of the date of such a decree, and subsequent surrender of the patent does not involve abandonment of such rights.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

On Motion for Specific Directions in the Matter of Costs and for Cancellation of Bond.

6. **Patents ⟳317—Bond for stay of injunction held valid.**

In patent infringement suit, although defendant's vendor, defending the suit for defendant, was improperly made defendant, yet in the de-

---

cree provision for stay of the injunction against both defendants, if the vendor gave a bond for damages and profits "which it may finally be decided plaintiff is entitled to recover from either defendant," was not erroneous in requiring the bond from the vendor, as, by giving the bond, the vendor secured the desired stay for its vendee, nor was the validity of the bond itself affected by the fact that the injunctional order was void as against the vendor, and a stay as against it therefore unnecessary.

**7. Patents ⊗325—Costs recoverable by defendant only to extend improper joinder affected appeal.**

Where the nonresident vendor, defending suit for patent infringement for defendant, its vendee, was improperly made defendant by the lower court, it can recover of plaintiff only such costs paid by it as were due to its joining in the appeal, and costs which were or would have been necessary if the vendee had been the sole appellant will be taxed against vendee defendant, unsuccessful on appeal.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Luminous Unit Company against the Freeman-Sweet Company and the Reflectolyte Company. From a decree for complainant (249 Fed. 876), defendants appeal. Affirmed as to Freeman-Sweet Company, and as to the Reflectolyte Company reversed, with directions.

Paul Bakewell, of St. Louis, Mo., for appellants.

Dodson & Roe, of Chicago, Ill. (Harry Lea Dodson, of Chicago, Ill., of counsel), for appellee.

Before BAKER, MACK, and EVANS, Circuit Judges.

MACK, Circuit Judge. The opinion sustaining the validity of letters patent No. 1,076,418 and finding infringement of claim 1, but not of claim 2, thereof, is reported in 249 Fed. 876. In a prior suit by appellee against R. Williamson & Co., both claim 1 and claim 2 were found valid and infringed. 241 Fed. 265, affirmed in this court 245 Fed. 988, —— C. C. A. ——. The facts, except those hereinafter set forth, bearing upon the making of appellant the Reflectolyte Co., a party defendant, will be found fully stated in these opinions.

[1] 1. This former decision, to which these appellants were not parties, is, of course, not res adjudicata as to them. But it is more than persuasive; the validity of a patent, once sustained on appeal by this court, is not subject to complete re-examination at the instance of each subsequent alleged infringer. Unless clearly shown to be erroneous, the determination by this court of the validity of a patent on full hearing in a contested suit, will not be reconsidered. New matter, not theretofore introduced in evidence, and not merely cumulative in character, will be given full consideration; even the conclusions reached on the former evidence may be challenged as clearly erroneous. But the fact that alleged anticipating patents, or the file wrapper and contents, though in the record, are not specifically discussed in the earlier opinion, is of course, far from a demonstration, or even a suggestion, that they were not duly weighed or that the conclusions reached on the former record are clearly wrong.

We have, however, in view of the earnest appeal of counsel, re-

examined these matters, as well as the additional patents and other evidence appearing in this record; the latter is clearly but cumulative; the former does not change the conclusions heretofore arrived at as to the validity of the claims.

[2] 2. *Infringement.*—While the language of the claims was changed from time to time to meet the Examiner's objections, at no time did the applicant, either voluntarily or to meet a specific objection, limit himself to a "wholly flat" reflector. In fact, the omission from claim 1 of the word "wholly," used in claim 2, is a clear indication that applicant did not intend to make an absolutely flat form an essential element in the claim, so as to waive any equivalent that would secure the same result in substantially the same manner.

Giving the claim only the most limited range of equivalents, in holding it to cover, as an element in the combination, a reflector not absolutely flat, but deviating therefrom only to an extent that no substantial change whatsoever in function, result, or operation is thereby involved, defendants clearly infringe.

[3] 3. While an uncertified copy of its own record in the earlier case was inadmissible in evidence, no harm resulted, inasmuch as it was unnecessary to introduce the record; the court takes judicial notice of its records for all proper purposes.

The copy, however, was not introduced, and was not used for the improper purpose of bringing into this case, as evidence bearing upon the merits of the controversy, the testimony there given; the sole purpose was to show on what matters the decision in the former case was or might have been based, so as to make clear the extent and the bearings of the conclusions there reached.

[4] 4. At the trial, counsel of record for the sole defendant Freeman-Sweet Company, stated, in answer to an inquiry, that he had been employed and was compensated by the appellant, the Reflectolyte Company to defend this suit brought against its vendee; he conceded that it was privy to the case and that the decision to be rendered would be res adjudicata as to it as well as to the Freeman-Sweet Company, on the questions of validity and infringement, but he objected to having his employer appellant the Reflectolyte Company, made a party defendant to this suit, claiming for it the privilege of not being sued in a jurisdiction of which it was not an inhabitant and in which it had no regular and established place of business. Specifically counsel urged that damages claimed for unfair competition could not be adjudicated against it, a citizen of the same state as plaintiff. Thereupon plaintiff specifically disclaimed any recovery against either appellant on this ground, limiting the suit to injunction, damages, and accounting of profit for infringement.

But counsel did not thereupon consent to the jurisdiction of the court over this appellant; his objection to its being made a party defendant, as distinguished from a privy remained, and the objection, in our judgment, was valid. Without its consent, the court was powerless to compel this appellant to submit to an accounting in Illinois, for all infringements committed in the course of its business in Missouri. While as privy it was bound by the decision as to validity and infringe-

ment, it had the right to insist that it be not held to account in Illinois as decreed by the court.

The employment of counsel by A. to defend a suit brought against B. alone, and the frank statement of the facts, is in no sense a general appearance by the employer as a defendant; especially is this so, when, as here, counsel, while conceding the effect upon his employer as a privy specifically objects to having it made a party to the suit.

[5] 5. Appellant's motion for a dismissal of the entire cause because, since the submission of the case on this appeal, the original patent was surrendered and a reissue patent granted, must be denied.

It is unnecessary for us to consider what the effect of a surrender and a reissue not modifying in any manner the claims in suit, but adding another claim, would be, if the suit on the original patent were undetermined or a decree therein were interlocutory in the true sense as to the merits of the patent in controversy; in the case before us, the surrender and reissue were effective only after the entry of the decree determining validity and infringement and granting a permanent injunction; and in National Brake & Electric Co. v. Christenson et al., 258 Fed. 880, —— C. C. A. ——, decided April 29, 1919, we held, on full consideration, that such a decree was final in essence, even though interlocutory in time relation.

The rights of the parties are determined as of the date of such a decree; a subsequent surrender of the patent does not involve an abandonment of such rights (Mevs v. Conover, 125 U. S. 144, 145, 23 L. Ed. 1008), the recovery on the accounting will not be based upon the surrendered patent, but upon that decree, which itself is based upon a patent in full force at the date of its entry.

All costs in the District Court and in this court will be awarded against appellant Freeman-Sweet Company. The decree as to appellant Freeman-Sweet Company is affirmed; as to appellant the Reflectolyte Company it is reversed, with costs, with directions to dismiss the suit as against it, and to modify the decree in accordance with the views here expressed.

On Motion for Specific Directions in the Matter of Costs and for Cancellation of Bond.

PER CURIAM. The decree granting the injunction against both appellants provided for a stay, if the Reflectolyte Company gave a bond for damages and profits "which it may be finally decided the plaintiff is entitled to recover from either defendant."

[6] 1. While the court never acquired jurisdiction over the Reflectolyte Company as a defendant, nevertheless this obligation to give the bond as a condition to granting the stay order as against the Freeman-Sweet Company was entirely proper: by giving the bond, the Reflectolyte Company secured for the Freeman-Sweet Company the desired stay of the injunction. The fact that the injunctional order was void as against the Reflectolyte Company, and a stay as against it was therefore unnecessary, does not affect the validity of

the bond itself. We see no reason for ordering its cancellation or directing reimbursement of the expense involved in obtaining it.

[7] 2. The Reflectolyte Company will recover of the Luminous Unit Company only such costs paid by it as were due to its joining in the appeal; costs which were or would have been necessary if the Freeman-Sweet Company had been the sole appellant shall be taxed against the Freeman-Sweet Company.