## In re WHICKER.

### LUBBOCK NAT. BANK OF LUBBOCK, TEX., v. ELKINS et al.

#### No. 5838.

Circuit Court of Appeals, Fifth Circuit.

Feb. 26, 1931.

Robert A. Sowder, of Lubbock, Tex. (J. E. Vickers and W. W. Campbell, both of Lubbock, Tex., on the brief), for appellant.

J. I. Kilpatrick, of Lubbock, Tex., for appellees.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

FOSTER, Circuit Judge.

In this case there is no dispute as to the material facts. It appears that on September 16, 1926, James Campbell Whicker executed a note for $1,700 to appellant and gave as security a deed of trust covering certain designated real estate. The note was renewed on March 20, 1928, and a new deed of trust was executed covering practically the same property, with the exception that there was a change as to two certain lots. After the second deed of trust was executed, an officer of appellant, without the knowledge or consent of Whicker, inserted clauses making it purport to cover two other notes, one for $4,000, and one for $260. Whicker was adjudicated bankrupt on August 2, 1928, and appellant filed proof of debt on the three notes, the first reduced to $1,200, as secured by the second deed of trust. The trustee and Littlefield College, a creditor, opposed an allowance of the claim on the ground of fraud, and the referee held with them and expunged it in its entirety. On appeal to the District Court, Judge Wilson presiding, the order of the referee was affirmed as to the rejection of the deed of trust but was reversed as to the disallowance of the claim, and appellant was allowed to prove up the three notes as unsecured. The order of Judge Wilson above set out was filed on June 12, 1929. On June 25, 1929, appellant filed an amended claim seeking to prove up the note for $1,200, with interest, as secured by the original deed of trust executed on September 16, 1926. On objection by the trustee and a creditor, the First National Bank of Littlefield, the referee sustained a plea of res adjudicata and also found that the amended claim was filed more than a year after adjudication and was too late. On review by the District Court, Judge Atwell presiding, the referee was affirmed. 37 F.(2d) 950. This appeal followed.

There is no doubt that under the law of Texas a suit may be maintained on the original obligation and deed of trust to secure it, as neither has any vice. Otto v. Halff, 89 Tex. 384, 34 S. W. 910, 59 Am. St. Rep. 56; Stone v. Robinson (Tex. Com. App.) 234 S. W. 1094. This is not disputed by appellees, but reliance is had on the plea of res adjudicata and the contention that the amended proof of debt was filed too late.

It is a fundamental rule that a judgment on the merits by a court of competent jurisdiction is conclusive between the same parties or their privies, not only as to every matter which is presented to sustain the judgment, but also as to any other admissible matter which might have been offered for that purpose. But it is also a fundamental rule that, where the second action between the same parties is upon a different claim, the judgment in the prior action operates as an estoppel only as to those matters in issue upon which the judgment was rendered. Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195; Russell v. Place, 94 U. S. 606, 24 L. Ed. 214; Friend v. Talcott, 228 U. S. 27, 33 S. Ct. 505, 57 L. Ed. 718; Radford v. Myers, 231 U. S. 725, 34 S. Ct. 249, 58 L. Ed. 454.

While the first deed of trust was annexed to the original proof of debt, it was not relied upon and put in issue by appellant. The deeds were separate and distinct, and in proving them neither could derive aid from the other. It is urged by appellee that Littlefield College pleaded in the alternative that the security be restricted to the note for $1,200, but this was not based on the original deed of trust. The trustee did not adopt the pleadings of the college nor put the original deed in issue. It is clear that the validity of the original deed was not passed upon in any way by Judge Wilson. This is indicated by his well-considered and extensive opinion found in the record, the concluding sentences of which are as follows: "I therefore hold the petitioner has a right to present all of the notes as evidence of his indebtedness, unsecured insofar as they were only secured by the deed of trust in question. Any other

liens by which all or any of them may be secured are not affected."

We do not think the judgment rejecting the first proof of debt as a secured claim amounts to an estoppel against the claim presented on the original deed of trust.

■ The claim now under consideration is an amendment of the original claim that was timely filed. There was no unreasonable delay, as the original claim had been in litigation up to within a few days of its filing. An amendment to a claim filed in time is not barred by the provisions of section 57n of the Bankruptcy Act (11 USCA § 93 (n). Hutchinson v. Otis, 190 U. S. 552, 23 S. Ct. 778, 47 L. Ed. 1179.

Reversed and remanded.