## MINNEAPOLIS–HONEYWELL REGULATOR CO. v. THERMOCO, Inc.

### No. 128.

Circuit Court of Appeals, Second Circuit.

Jan. 6, 1941.

Bair & Freeman, of Chicago, Ill., and Cooper, Kerr & Dunham, of New York City (Thomas J. Byrne, of New York City, and W. P. Bair and Will Freeman, both of Chicago, Ill., of counsel), for plaintiff-appellant.

Watson, Bristol, Johnson & Leavenworth, of New York City (Lawrence Bristol and Charles P. Bauer, both of New York City, and John W. Michael, of Milwaukee, Wis., of counsel), for defendant-appellee.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from part of a summary judgment which dismissed a complaint for the infringement of two out of four patents: No. 1,579,497, issued to one, Aldrich, on April 6, 1926, and Reïssue, No. 17,405, issued to one Scott, on August 13, 1929. The action was begun on January 15, 1937, and on February 26, 1940, this court in another action (Cleveland Trust Co. v. Osher & Reiss, Inc., 2 Cir., 109 F.2d 917) held that the two patents were invalid. Thereupon the defendant, Thermoco, Inc., moved to dismiss the action at bar so far as it concerned these patents, leaving it outstanding as to the other two. This the judge did, and so far the plaintiffs do not complain; the appeal is only from a finding incorporated into the judgment that the defence of the action had been "openly and avowedly conducted by Perfex Radiator Company * * * and its wholly owned subsidiary, Perfex Control Company, to the knowledge of the plaintiffs." The defendant was a dealer, which sold and installed the apparatus alleged by the plaintiffs to infringe the patents, of a part of which the Perfex Control Company was the manufacturer; and the plaintiffs are appealing to be rid of what on its face would be a valid estoppel in case they should wish to sue the Perfex Companies upon the same patents in another circuit.

It has been settled doctrine in federal courts for at least seventy-five years that when a person not a party to the action takes over its defence, he may take advantage of the judgment if he wins, and he will be bound by it if he loses, exactly as though he were a party of record (Lovejoy v. Murray, 3 Wall. 1, 18, 19, 18 L.Ed. 129). To this has been added a gloss, certainly valid if he would take advantage of the judgment, that his defence must be open and avowed. Souffront v. LaCompagnie des Sucreries, 217 U.S. 475, 487, 30 S.Ct. 608, 54 L.Ed. 846. In the view we take, we need not concern ourselves in the case at bar with whether the Perfex Companies in fact took over the defence of this action, or did so openly and avowedly; and we shall assume arguendo that they did. We may properly do so because, before deciding that issue at all, we must answer the preliminary inquiry whether it is justiciable as it arises. A judgment should not contain findings which are not conclusive between the parties, and no finding will be conclusive unless it is necessary to the disposition of the issues. Reynolds v. Stockton, 140 U.S. 254, 268, 269, 11 S.Ct. 773, 35 L.Ed. 464; Radford v. Myers, 231 U.S. 725, 733, 34 S.Ct. 249, 58 L.Ed. 454; Bates v. Bodie, 245 U.S. 520, 526, 38 S.Ct. 182, 62 L.Ed. 444, L.R.A.1918C, 355. The only issues raised until this motion was made were whether the defendant, Thermoco, had sold or used the apparatus, whether the apparatus infringed the patents, and whether the patents were valid. Obviously it was not necessary to the decision of any of these issues to decide who was defending the action.

Conceivably that issue might have been justiciable; the plaintiffs might have tried to bring in the Perfex Companies as parties defendant, because they were defending the action. If they succeeded perhaps a finding would have been proper to show the propriety of making them parties. But the plaintiffs did not attempt to make the companies parties, and for that matter could not have done so, at least not by merely serving their attorneys, even though these were in fact retained by the Perfex Companies to defend this very action. G. & C. Merriam Co. v. Saalfield, 241 U.S. 22, 29–32, 36 S.Ct. 477, 60 L.Ed. 868; Freeman-Sweet Co. v. Luminous Unit Co., 7 Cir., 264 F. 107. Cf. S. S. Kresge Co. v. Winget Kickernick Co., 8 Cir., 96 F.2d 978, 989. If, on the other hand, the Perfex Companies on their part had tried to intervene as parties defend-

ant—as perhaps they might have done under Rule 24, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c—a finding might have been proper in case they succeeded, in order to show why they had any interest. But the companies did not try to do that either. On the record as it is made only two questions can therefore arise: (1) Whether Thermoco had any interest as defendant to support this part of its motion; if not, (2) whether the companies though they had an interest in procuring such a finding could assert it by moving in the name of Thermoco.

■ Thermoco had on its own account no possible interest in the decision of the issue as between itself and the plaintiffs, for the judgment upon the issues as they were, would rid it forever of the plaintiffs, which was all it needed for its protection. True, it might well be interested in an authoritative determination between itself and the Perfex Companies as to who was responsible for the defence; but that issue could certainly not be decided while the companies were not parties. On the other hand the companies could not make any motion unless they became parties, and, although they might indeed have combined a motion to intervene with a motion to dismiss, they did not do so. We will assume that the court might have given them permission to intervene under Rule 24(a) (2) but they did not intimate they meant to become parties, nor do they now. But that is not all; intervention is not as of course; it requires the assent of the court and the application must be "timely." If the companies had applied to intervene, it is by no means certain that the court would have held their application "timely." They had remained behind the scenes while success was doubtful—for two and a half years after answer, and for nearly three and one half after complaint filed.

The authorities are somewhat ambiguous. The Sixth Circuit in N. O. Nelson Mfg. Co. v. F. E. Myers & Bro. Co., 25 F.2d 659, 666, affirmed a decree in favor of the plaintiff which incorporated a recital that the manufacturer had taken over "in open court" the defence of a suit on a patent, but the opinion appears to mean that the judgment was not to be res judicata as to the facts so "recorded." The language was that the recital was "not a finding of *fact,* but merely the *record* of a fact;" and this *"record"* was not to mean

that the manufacturer had appeared as a party. If it was improper to make a "finding" upon the point, and if the manufacturer did not appear as a party, we find it a little difficult to understand what was to be the office of the "record." Be that as it may, the decision favors the plaintiffs here insofar as it held, as it certainly did, that such a recital was not a "finding," for the judgment at bar purported to make a "finding." Thacher, J., in Radio Corporation of America v. E. J. Edmond & Co., D. C., 20 F.2d 929, 932, after denying a motion by the plaintiff to join the manufacturer as a party defendant, added that the judgment might recite—whether as a "finding" he did not say—that the manufacturer had taken over the defence of the action "openly." It does not appear whether he did this sua sponte, but it does seem plain that the defendant had not objected to it, and his action was in no sense a considered ruling. While the well known case of Miller v. Eagle Manufacturing Co., 151 U.S. 186, 14 S.Ct. 310, 38 L.Ed. 121, was in the Circuit Court (41 F. 351) Shiras and Love, JJ., introduced into the decree a recital that the manufacturer was in fact "bound by the results reached in the progress of the litigation in which it has been actively engaged; for that, in effect, is only stating, in set phrase, the force which the decree would in fact have as against the corporation" (page 358). So indeed it was, and was harmless if not intended as a decision upon what force the decree would have. Perhaps it was so intended; Ricks, J., in Bidwell v. Toledo Consolidated Street Ry. Co., C.C., 72 F. 10, 13, seems to have been in some doubt about its meaning, and himself did no more than hold out as a possibility, that, although the manufacturer could not be brought in as a party, some recital of the facts might be proper in the final decree. Such being the state of the authorities, we are free to adopt what on principle we believe to be the law.

■ We cannot agree that any judgment should *"record"* a fact that it does not decide; at best that would be misleading, for it gives the *"record"* the outward semblance of an estoppel. Hence we hold that it should be deleted from the judgment. The question is indeed a narrow one; i. e. whether the court should now decide or leave open an issue necessary to the conclusiveness of the judgment as between the plaintiffs and the Perfex

848

Companies, a question which may have to be decided in the future. We can see nothing unjust in so doing. If the companies had wished to enjoy the privileges following upon the status of a party, they should have become parties if they could. If they could not, à fortiori they should not have privileges of a party. In either event they are properly relegated to the position of privies, and privies must be content with such findings as are necessary to the disposition of the case between the parties; they must prove in pais that they are entitled to make use of the judgment; to introduce a finding to that effect into the judgment would be a disregard of the distinction. G. & C. Merriam Co. v. Saalfield, supra, 241 U.S. 22, 36 S. Ct. 477, 60 L.Ed. 868; S. S. Kresge Co. v. Winget Kickernick Co., supra, 8 Cir., 96 F.2d 978.

Judgment modified by deleting the disputed finding.

CLARK, Circuit Judge (dissenting).

I fear we are here invoking a bit of ritualism to force unnecessary ambiguity into our judgments, contrary to the precedents and the practicalities of the situation. The unquestioned law is that on the facts here assumed (and proved, in my opinion) the judgment herein is forever binding both for and against the Perfex Companies who actually conducted the defense. See cases collected in S. S. Kresge Co. v. Winget Kickernick Co., 8 Cir., 96 F.2d 978, 989; Doherty Research Co. v. Universal Oil Products Co., 7 Cir., 107 F. 2d 548.[1] Unless the judgment, however, contains a statement of this fact, its extent will always be uncertain until proof thereof is ultimately made in each new action as brought. In other words, further litigation—in form unadjudicated, in actual fact barred—is stimulated. The time to settle this issue is before all this occurs and when the evidence is most at hand, namely, when the original judgment is entered. Actually if the judgment is then made to tell what its real effect is, there will be few, if any, later attacks upon it in the guise of suits against apparent new parties. Theoretically it may still be pos-

sible for the privy later to assert that he was not so in fact, but was adjudged so in a suit in which he did not participate; but —lacking actual fraud, which upsets any judgment—such a claim will be rare, because baseless against the facts already made available by the former action.

Why should we not require the privy to be made a formal party, thus avoiding even the remote contingency just mentioned? For the most practical of reasons, to wit, the limitations of federal jurisdiction and venue, as many cases point out, e. g., Freeman-Sweet Co. v. Luminous Unit Co., 7 Cir., 264 F. 107, Mack, J., certiorari denied 253 U.S. 486, 40 S.Ct. 482, 64 L.Ed. 1025; Van Kannel Revolving Door Co. v. Winton Hotel Co., D.C.N.D.Ohio, 263 F. 988, 994; G. & C. Merriam Co. v. Saalfield, 241 U.S. 22, 29, 36 S.Ct. 477, 60 L. Ed. 868; and cf. S. S. Kresge Co. v. Winget Kickernick Co., supra. True, the privy may perchance waive venue (Gulf Smokeless Coal Co. v. Sutton, Steele & Steele, 4 Cir., 35 F.2d 433, 438); then a requirement of joinder would operate quite unfairly as a restriction against the privy's opponent alone. Joinder does not affect the binding force of the judgment here; nor should it affect the question of making the judgment a truth-telling one.

The contrary suggestion is based on the conclusion that defendant Thermoco has no interest in this relief. I do not see how that can be so; as a matter of practical business, it is vitally concerned in the question whether or not its goods are subject to patent attack, before or after it takes them; as a matter of law, it is the agent of the manufacturer in this litigation and bound to safeguard the latter's interests. But further, that does not in any way answer our present question, which is simply whether the judgment shall state the facts, shall, as Shiras, J., so well puts it, state only "in set phrase, the force which the decree would in fact have as against the corporation." Eagle Mfg. Co. v. Miller, C.C.S.D.Iowa, 41 F. 351, 358. This confusion between what the parties must plead and prove and what the judgment should say if it is to be accurate and complete must be the explana-

[1] Phœnix Finance Corp. v. Iowa-Wisconsin Bridge Co., 8 Cir., 115 F.2d 1, 6, points out that the judgment may be the basis of further affirmative relief against the non-joined privy. That the privy's opponent may take advantage of the rule even though the defense has not been open, see Clark, J., in Caterpillar Tractor Co. v. International Harvester Co., D.C.N.J., 32 F.Supp. 304; 39 Col.L.Rev. 1251.

849

tion for the difference in the way my brothers and I read the analogous precedents. They seem to me clear and precise, incapable of being explained away. Thus, the Sixth Circuit in N. O. Nelson Mfg. Co. v. F. E. Myers & Bro. Co., 25 F.2d 659, 666, in affirming the precise form of a decree entered below and stating the difference between a record of the fact and an inter-party finding, merely adverted to the distinction I have noted above between the situations where a privy is or is not joined as a formal party. And Thacher, J.'s careful discrimination between formal joinder and recital of actualities in Radio Corp. of America v. E. J. Edmond & Co., D.C.S.D.N.Y., 20 F.2d 929, 932, seems to me far indeed from unconsidered. See also Eagle Mfg. Co. v. Miller, supra; Bidwell v. Toledo Consolidated St. Ry. Co., C.C.N.D.Ohio, 72 F. 10, 13; Battey v. Paris Beauty Parlors Supply Co., D.C.N.D.Calif., 4 F.Supp. 531, 535; Caterpillar Tractor Co. v. International Harvester Co., D.C.N.J., 32 F.Supp. 304, 306; and the decision below, D.C.E.D. N.Y., 34 F.Supp. 403. I cannot discover even a dictum to support the contrary view.

I wish I might grasp the procedural obstacles here found insurmountable; to me they are wholly elusive. But whatever they are, they lead to concealment of the real decision, and are thus provocative of future fruitless litigation.