**CLAIR et al. v. KASTAR, Inc.**

District Court, S. D. New York.

March 22, 1943.

Pennie, Davis, Marvin & Edmonds, of New York City (C. W. Prince, of Kansas City, Mo., and John T. Farley, of New York City, of counsel), for plaintiffs.

Lackenbach & Hirschman, of New York City (Armand E. Lackenbach, of New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by the plaintiffs for summary judgment.

The suit is for alleged infringement of the Campbell patent, No. 1,577,821, issued March 23, 1926, for a stabilizing device for automobile steering mechanisms. It was commenced on January 5, 1943. The plaintiffs are the owners of the patent, and the defendant is the manufacturer of the alleged infringing devices, designated as Nos. 73 and 74.

The plaintiffs heretofore brought two suits in the District Court for the Western District of Missouri against customers of the defendant for infringement of the patent. These suits were tried together in 1940, and were openly and avowedly defended by the defendant. The same identical devices, Nos. 73 and 74, involved in the present suit were there charged with being infringements. The suits resulted in decrees holding claim 2 of the patent valid and infringed by both devices. Clair v. Montgomery Ward & Co., D.C., 36 F.Supp. 664. These decrees were later affirmed on appeal insofar as they related to the Campbell patent. Montgomery Ward & Co. v. Clair, 8 Cir., 123 F.2d 878.

The defendant in its answer admits the facts stated above with respect to the Missouri litigation, but denies infringement, and pleads various defenses attacking the soundness of the Missouri decision and raising the same issues adjudicated in the prior suits. The defendant also sets up in the answer a counterclaim for alleged infringement of the Stark patent, No. 1,993,-572, issued March 5, 1935, owned by the defendant.

It is perfectly clear that the decrees in the Missouri suits are res judicata of the issues in the present suit; the defendant openly and avowedly took over the defense of those suits, and is bound by the decrees. Minneapolis-Honeywell Regulator Co. v. Thermoco, Inc., 2 Cir., 116 F.2d 845; Warford Corporation v. Bryan Screw Mach. Products Co., 6 Cir., 44 F.2d 713. The estoppel extends not only to the issues actually determined, but to those necessarily involved. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 71 L.Ed. 1069. The issues now raised were adjudicated in the Missouri litigation, and cannot again be relitigated here. This is particularly true of the defense of laches,

which is so strongly urged by the defendant in opposition to the motion. This defense was raised in the Missouri suits, and considered both by the District Court (Clair v. Montgomery Ward & Co., supra, 36 F.Supp. page 666) and by the Circuit Court of Appeals. Montgomery Ward & Co. v. Clair, supra, 123 F.2d page 883. I do not think that the defense is available to the defendant in the present suit. Warford Corporation v. Bryan Screw Mach. Products Co., supra.

The counterclaim for alleged infringement by the plaintiffs of the Stark patent No. 1,993,572 is improper, and should be stricken.

The motion for summary judgment in favor of the plaintiffs is granted, but in view of the fact that the Campbell patent will expire on March 23, 1943, there should be no injunction.