**TUBULAR TEXTILE MACHINERY CORPORATION, Plaintiff,**

v.

**Frank R. REDMAN and Redman Process American Corporation, Defendants.**

United States District Court
S. D. New York.
May 21, 1959.

Proskauer, Rose, Goetz & Mendelsohn, New York City, Harold H. Levin, John Vaughan Groner, Marvin E. Frankel, New York City, of counsel, for plaintiff.

Taylor, Scoll & Simon, New York City, Telford Taylor, New York City, of counsel, for defendants.

LEVET, District Judge.

This is a motion for preliminary injunction restraining and enjoining the defendants from attempting to enforce or otherwise take action upon the judgment, decree and injunctive writs issued by the United States District Court for the Middle District of North Carolina in an action in that court upon the ground that plaintiff herein was never served with process, never appeared and was never a party to the action in which said judgment was issued, and further enjoining the defendants from instituting legal actions outside this jurisdiction against this plaintiff or its customers based upon defendants' claims and charges of patent infringement which are presented for adjudication in this action in this court.

In the present action, the plaintiff (hereinafter sometimes referred to as "Tubular") seeks a declaratory judgment

adjudicating its rights and the rights of customers to which it leases a large number of textile processing machines, as against claims asserted by the defendants under two patents.

For many years the plaintiff has been engaged in the manufacture, sale and licensing of machines for the processing of tublar knitted fabrics. In the spring of 1949, plaintiff began marketing and leasing a certain finishing machine known as a "Tensionless Calender," which allegedly was and is an improved version of plaintiff's prior machines and in connection with which plaintiff's patents Nos. 2,589,344 and 2,589,345 were issued in 1952. Plaintiff states that 150 of these so-called "Tensionless Calenders" are leased by it to 79 customers in 19 states.

Defendant Frank R. Redman is the patentee of patents Nos. 2,597,528 and 2,-597,530, and the defendant Redman Process American Corporation owns the exclusive right to grant licenses under said patents. The last-mentioned patents are those upon which assertions of plaintiff's infringement have been based.

On April 17, 1954, the defendants herein commenced an action in the United States District Court for the Middle District of North Carolina against Stedman Manufacturing Company, one of Tubular's lessees, alleging infringement of the Redman patents in Stedman's particular use and operation of Tubular's "Tensionless Calender." Pursuant to a lease agreement between Tubular and Stedman, Tubular, the plaintiff herein, assumed the defense of the action in North Carolina, although it was never served with process and never was a "formal" party to that action. Upon the opinion of the District Judge (see Redman v. Stedman Manufacturing Co., D. C.M.D.North Carolina, 1957, 154 F.Supp. 378) an interlocutory judgment was entered which, among other things, recited the following:

(1) That Tubular (the plaintiff herein) assumed the complete defense of the cause both monetarily and by the selection of defendants' attorneys.

(2) That patent No. 2,597,528 (issued to Frank R. Redman on May 20, 1952, and in connection with which the Redman Process American Corporation is exclusive licensee) is good and valid in law as to claims 1 through 7 thereof (being all of the claims in issue).

(3) That defendant Stedman Manufacturing Company had infringed said claims 1 through 7 of said patent by its use of the Tube-Tex Tensionless Calender, manufactured by and leased to the defendant by Tubular.

(4) That patent No. 2,597,530 (issued to Frank R. Redman on May 20, 1952, and in connection with which the Redman Process American Corporation is exclusive licensee) is good and valid in law as to claims 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12 and 13 (being all of the claims in issue).

(5) That defendant Stedman Manufacturing Company had infringed said claims 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12 and 13 of said patent by its use of the Tube-Tex Tensionless Calender, manufactured by and leased to the defendant by Tubular.

(6) That defendant Stedman Manufacturing Company is enjoined from using the said Tube-Tex Tensionless Calender "as heretofore used by the defendant in the reduction of shrinkage in tubular knit fabrics and from in any other manner infringing upon claims 1 through 7 of said patent No. 2,597,528 and claims 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12 and 13 of said patent No. 2,597,530."

(7) Paragraph 10 of said judgment provides as follows:

"That Tubular Textile Machinery Corporation, its directors, officers, associates, agents, attorneys, confederates, and employees, and those in active concert or participation with them, who receive actual notice of this Judgment and Injunction, by personal service or otherwise, be and they are hereby perpetually restrained and enjoined from using, or

272

causing to be used, or actively inducing, or aiding and abetting others to use, a Tube-Tex Tensionless Calender in the manner heretofore used by defendant in the reduction of shrinkage in tubular knit fabrics, and from in any other manner infringing upon claims 1, 2, 3, 4, 5, 6 and 7 of said Letters Patent No. 2,597,528 and claims 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12 and 13 of said Letters Patent No. 2,597,530, or any of them."

This judgment of the North Carolina District Court was affirmed by the Court of Appeals for the Fourth Circuit on July 17, 1958. See 257 F.2d 867. Rehearing in the Court of Appeals was denied on September 17, 1958, and on January 12, 1959, the Supreme Court denied a petition for a writ of certiorari. The case is about to proceed further before a Special Master, appointed by the district court. To date, no final judgment has been entered.

On March 13, 1959, the defendants in this action procured the entry by the North Carolina District Court of a decree on remand, and thereafter, on or about March 16, 1959, the defendants sued out of the North Carolina District Court two writs of injunction against Tubular. By these writs, after reciting the previous proceedings, hereinabove mentioned, the plaintiff in the North Carolina action sought to enjoin Tubular from using or causing to be used or actively inducing or aiding and abetting others to use "a Tube-Tex Tensionless Calender in the manner heretofore used by defendant [Stedman Manufacturing Company] in the reduction of shrinkage in tubular knit fabrics, and from in any other manner infringing upon claims 1, 2, 3, 4, 5, 6, and 7 of said Letters Patent No. 2,597,528 and claims 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12 and 13 of said Letters Patent No. 2,597,530 * * *."

The action in this court, the United States District Court for the Southern District of New York, was filed on April 16, 1959. The order to show cause on the present motion was made returnable on the 23rd of April and thereafter adjourned to May 5th, at which time the motion was heard. An order to show cause for adjudication of civil contempt against Tubular was signed on April 20, 1959, and was returnable in the North Carolina District Court on May 22, 1959. The hearing on said order to show cause has been adjourned to a subsequent date.

This motion, insofar as it seeks to enjoin the defendants from attempting to enforce or otherwise take action upon the judgment, decree and writs of injunction issued by the North Carolina District Court, must be denied.

■ Tubular concedes that the final judgment to be entered in the North Carolina action "may" be res judicata as between it and the defendants. (Plaintiff's Reply Brief, p. 4.) As was stated by Judge Learned Hand in Minneapolis-Honeywell Regulator Co. v. Thermo, Inc., 2 Cir., 1941, 116 F.2d 845:

"It has been settled doctrine in federal courts for at least seventy-five years that when a person not a party to the action takes over its defence, he may take advantage of the judgment if he wins, and he will be bound by it if he loses, exactly as though he were a party of record (Lovejoy v. Murray, 3 Wall. 1, 18, 19, 18 L.Ed. 129)." 116 F.2d at page 846.

See also Columbia Ins. Co. of New Jersey v. Mart Waterman Co., 2 Cir., 1926, 11 F.2d 216, 217; Clair v. Kastar, Inc., D.C.S.D.N.Y., 1943, 51 F.Supp. 207.

■ The judgment heretofore entered in the North Carolina action, and affirmed on appeal, determined that the Redman patents Nos. 2,597,528 and 2,-597,530 were valid and infringed by Stedman Manufacturing Company's use of the Tube-Tex Tensionless Calender in the reduction of shrinkage in tubular knit fabrics. The possibility of Tubular upsetting these determinations by relitigating the issues involved therein in the instant action is at best dubious and provides no ground for the granting of a preliminary injunction by this court.

Even if, as Tubular contends, the defendants are seeking to place before the North Carolina court issues not heretofore heard and determined by that court, there is no basis at this time for assuming that the North Carolina court will presume to determine issues beyond the scope of its prior adjudication. Therefore, for the purpose of the instant motion, it is immaterial whether or not the North Carolina court acted arbitrarily or illegally in issuing the writs of injunction against Tubular.

■ The use of the court's injunctive powers to nullify the process and decrees of a court of equal jurisdiction is an extremely drastic procedure which, for obvious reasons, should be employed with great caution. In my opinion, the circumstances of this case do not justify such a procedure with respect to this motion.

■ In addition to the foregoing, Tubular is seeking an order enjoining the defendants from instituting actions outside of this jurisdiction against Tubular or its customers. Generally, the court will exercise its discretion in favor of granting such relief where it appears that all of the issues are or can be joined in a single litigation and that the balance of convenience favors the action then pending before the court. Remington Products Corp. v. American Aerovap, Inc., 2 Cir., 1951, 192 F.2d 872, 873. Similarly, the court will grant such relief where to do otherwise would leave an industry in turmoil for some years while litigation as to it develops in various parts of the country. Helene Curtis Industries, Inc. v. Sales Affiliates, Inc., 2 Cir., 1952, 199 F.2d 732, 733.

■ In the case at bar, however, it appears that certain of Tubular's customers have commenced an action in another jurisdiction against the defendants. Since this court does not have jurisdiction over Tubular's customers and therefore, is powerless to protect the defendants against harassing suits, in my opinion it would be inequitable for this court to grant such protection to Tubular at this time. Accordingly, this phase of the motion is denied without prejudice to a renewal thereof in the event that actions merely duplicative of the issues here involved are instituted in the future against Tubular or its customers.

Settle order on notice in accordance herewith.