### In re WHICKER.

District Court, N. D. Texas, Lubbock Division. December 12, 1929.

No. 1.

Robert Sowder and W. W. Campbell, both of Lubbock, Tex., for petitioner.

J. I. Kilpatrick, of Lubbock, Tex., for trustee.

Leonard Pearson, of Lubbock, Tex., for First Nat. Bank of Littlefield.

ATWELL, District Judge. It seems that when the debtor became bankrupt he owed three different notes to the Lubbock National Bank, which that creditor presented for proof and sought security and a foreclosure upon a deed of trust alleged to secure the three notes; such deed of trust being executed in the year prior to the adjudication. In presenting its proof for foreclosure, and, to be listed as a secured creditor, it also presented the three notes evidencing these debts, and the deed of trust, to which it attached a deed of trust for approximately $1,200, executed in September of 1926.

The trustee attacked such effort. Upon that hearing it was discovered and held, both by the referee and by the district judge, that the deed of trust declared upon had been fraudulently altered, at any rate, fraudulently within the law, and that such altered deed of trust as originally

executed by the debtor was for the balance of $1,200 due on the original indebtedness. The new deed of trust, or the alleged fraudulent deed of trust, was short one lot that was in the old deed of trust, and contained a small tract of land that was not in the old deed of trust.

After having been cast in its efforts, the bank presented another claim upon the original deed of trust to secure, so far as it would secure, the three notes which the district judge had permitted to be proven as unsecured claims against the estate. The trustee and a creditor attack this new effort by suggesting that it was adjudicated in the first trial; that if it was not directly adjudicated because of the attaching of the same to the claim as then made, it, in truth, was adjudicated because what might have been therein adjudged was, in truth, adjudged, and the creditor is now precluded from coming into court for the assertion of what he could then have asserted.

Furthermore, it is suggested that having made an attempt to secure an approval of a fraudulent act, he may not thereafter secure a judgment even for the contract as it was before it was altered fraudulently.

The question is not a simple one. Advocates may be carried away with their devotion to a particular side of a question. The fact is that the original deed of trust which secured a debt that now amounts to about $1,200 was never, in any sense, tampered with nor altered. That is the lien that the creditor now seeks to assert. The instrument that was tampered with was an entirely different instrument. An instrument executed at a different time, covering different property, but an instrument, nevertheless, which recognized the balance under the old instrument and created a lien for such balance.

The case is unlike, I think, the Wisconsin bond case, whether that be taken as authority for contestant or contestee, since the original action there was on coupons then due, and, while the vice that was in the instrument to which the coupons were attached was the same upon original or subsequent actions, the holder of the bonds, or the coupons, in the absence of a maturing clause, could not have asserted his rights upon the coupons that subsequently became due.

In the present case the creditor had the privilege, to say the least, of seeking to preserve his rights upon the unaltered instrument, since it, at the very time, was before the referee and before the court.

This being an equity jurisdiction that is shocked by fraud—where a sensitive conscience sits to hold the scale between parties—would not, at this time, allow the creditor who would have secured more than his share, after having been defeated in the effort, to now secure what he would have been justly entitled to had he not sought to get more. Perhaps the chancellor is assisted to this conclusion by the fact that the original mortgage or deed of trust was itself attached to the claim, which was considered by the referee and the district judge who then ruled.

An order may be drawn affirming the action of the referee and noting such exception as the creditor may wish.