## FEDERAL ELECTRIC CO., Inc., v. FLEX-LUME CORPORATION.

## CHICAGO MINIATURE LAMP WORKS et al. v. SAME.

Circuit Court of Appeals, Seventh Circuit. June 18, 1929.

Rehearing Denied July 18, 1929.

Nos. 4120, 4121.

Company and Herman Resler & Co. were charged by Flexlume with infringement of the same patent, and with unfair competition; and the decree adjudged infringement against all the appellants, and unfair competition against the Chicago Miniature Lamp Works. The cases were tried together in the District Court, and the appeals were heard together.

The same claims of this patent were in issue and adjudicated by this court, and the claims held valid in Flexlume Sign Co., Inc., v. Opalite Sign Co. (C. C. A.) 292 F. 98. The complainants in that case and the present one are the same, but the defendants are different.

In Freeman-Sweet Co. v. Luminous Unit Co. (C. C. A.) 264 F. 107, we said:

"This former decision, to which these appellants were not parties, is, of course, not res adjudicata as to them. But it is more than persuasive; the validity of a patent, once sustained on appeal by this court, is not subject to complete re-examination at the instance of each subsequent alleged infringer. Unless clearly shown to be erroneous, the determination by this court of the validity of a patent on full hearing in a contested suit, will not be reconsidered. New matter, not theretofore introduced in evidence, and not merely cumulative in character, will be given full consideration; even the conclusions reached on the former evidence may be challenged as clearly erroneous. But the fact that alleged anticipating patents, or the file wrapper and contents, though in the record, are not specifically discussed in the earlier opinion, is, of course, far from a demonstration, or even a suggestion, that they were not duly weighed or that the conclusions reached on the former record are clearly wrong."

The brief for Federal recognizes this as the rule of the Circuit, and the scope of its undertaking to invalidate the claims is indicated by these quotations from its brief:

"But there *is evidence of a 'strikingly different character' presented in these cases by reason of which we confidently expect this court to come to a different conclusion from that reached in its former decision, against other parties,* and *to declare the patent invalid."* * * * *"We shall not refer to any art in the prior case; the strikingly new and different art set up in these cases is ample to invalidate the patent."* (Italics theirs.)

Thereupon there is discussed the following prior art and uses appearing in the record of these cases:

1. United States patent No. 328,135, to McLewee, October 13, 1885, for "Improvement in Illuminated Signs."

Drury W. Cooper, of New York City, and Clarence E. Mehlhope, of Chicago, Ill., for appellants.

Wallace R. Lane and Clarence J. Loftus, both of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. In No. 4120 the bill charged, and the decree found, infringement by appellant (herein called Federal) of claims 1 to 7, inclusive, and 11, of U. S. patent No. 1,224,253, May 1, 1917, to Wiley et al., for an "Illuminated Sign," and found Federal guilty of unfair competition toward appellee (herein called Flexlume). Injunction and accounting were ordered.

In No. 4121 appellants Universal Sign

2. Roth's Roumanian patent, No. 1,979, November 11, 1910.

3. Anderson sign prior use.

4. Paris Millinery sign prior use.

5. Bell Telephone prior use.

The first shows a double-faced sign, in which the characters are cut through the opaque faces, and the inner side of each face backed by plates of flat translucent opal glass, the lighting means being placed between the two sides. Around the edges of each face are openings therein, in which protuberant ornamental glass may be inserted as a border for the sign.

The second, the Roumanian patent, is to all intents and purposes the same as McLewee. It shows additionally that the glass may be in smaller pieces, to facilitate removal of part in case of breakage. Both show means for holding the glass in close contact with the sides.

The third, the Anderson use, shows a raised letter of opalescent glass, formed on one side of a glass globe of dark color, each globe being a separate unit adapted to receive therein a light, and the sign being formed by an appropriate succession of such separate units.

The fourth, the Paris Millinery sign, claimed to have been made and erected in New York City in 1911 and continuously used for many years thereafter, is a double-faced illuminated sign, having letters cut into each of its faces, against the inside of which are plates of opalescent glass with lights in the box between the faces reflecting through so much of the glass as covers the letters cut out of the sides. The sign has also a border, and in all respects quite closely follows the McLewee and Roumanian patents.

The fifth, the Bell Telephone use, was a dark-colored bell-shaped glass globe, having cast thereon small, outwardly raised, light-colored translucent letters, through which would pass light from a bulb placed within the bell.

No one of these examples fully embodies the combination of the patent. In the McLewee and Roumanian patents, as well as in the Paris Millinery use, there is wanting the raised letters which are a striking feature of the Wiley patent.

That such prior art structures were in contemplation and considered in our prior opinion is evident from perusal of the opinion, wherein we referred to the prior art of "double-faced signs using white translucent glass, but without raised letters"; and this is practically what these examples show. They are thus but cumulative of that prior art which we there held to be ineffectual to strike down the patent, and we see no reason here for according them any higher degree of potency.

The Anderson globes, each with its raised translucent letter requiring a separate lamp for illumination, does not suggest the patent combination of raised letters on opposite faces of the sign protruding through corresponding openings in the opaque faces, with cross-illumination from lamps placed between the faces. And so also the bell-shaped globe or lamp shade of the Bell Telephone Company, which requires only its description to conclude that it does not anticipate the combination of the patent.

We find that all these citations bring appellants no closer to showing anticipation or prior use to defeat the patent than did the citations in the earlier case, and they fall far short of fulfilling appellants' undertaking to establish here the invalidity of the claims by evidence of a "strikingly different character" from that presented in the former case.

We are satisfied that the District Court properly concluded that the claims in issue are valid and were infringed as decreed in both cases.

■ Concluding, as we do, that the patent was infringed, the issue of unfair competition is not, in our judgment, of very considerable importance beyond the determination of the question as to whether or not the court properly decreed that appellants be enjoined from continuing certain alleged unfair trade conduct found to have been practiced. The evidence undoubtedly discloses a number of items on the part of the parties enjoined which may be fairly said to overstep the border line of fair trade practice. We enumerate, for example, the placing of Federal service signs upon Flexlume installations, and obliterating the Flexlume name. While possibly these Federal service signs or plates, when carefully analyzed, may carry the imputation that they refer only to the service of keeping the signs in proper working order, yet the casual reader would quite likely infer that the Federal service was that of installation as well as of maintenance. In view of the strong rivalry between the two concerns, the use of the service signs in the manner shown should not have been permitted, and ought not to be continued.

■ Representations that Federal is the owner of Flexlume, and that all Western Union signs were made or sold by Federal, and the filling of orders by Federal for Flexlume signs, leaving the customer to believe that the sign sold was in fact a Flexlume, all savor of

unfairness in trade practice. And while it is not likely that many, if any, were actually deceived by such practice, or that any substantial damage accrued to Flexlume by reason thereof, the continuance of such practice was, in our judgment, properly enjoined by the decree.

Apart from the question of infringement, we do not find unfairness in the making by Federal of signs for Western Union Telegraph Company in all respects like signs for the same company made by Flexlume. No doubt this customer wished to have all its signs for a similar use to be alike, and supplied the specifications therefor; and, in the absence of conflicting or limiting patent or trade-mark rights, any manufacturer had the right to make them just as Western Union desired to have them made, notwithstanding some other manufacturer had made them first.

In the view we take, the former contractual relations between Federal and Flexlume, and their influence upon the equities between the parties, accorded in their discussion such generous proportion of the briefs, need not be here considered, and we refrain from commenting thereon.

The decrees of the District Court are affirmed.