### CANISTER CO. v. OWENS–ILLINOIS GLASS CO. et al.

No. 6623.

Circuit Court of Appeals, Third Circuit.

Feb. 25, 1938.

Warwick Potter Scott, of Philadelphia, Pa. (Knox Henderson and Ballard, Spahr, Andrews & Ingersoll, all of Philadelphia, Pa., of counsel), for appellant.

Wm. A. Schnader and Gilbert W. Oswald, both of Philadelphia, Pa. (Schnader & Lewis, of Philadelphia, Pa., and Williams, Eversman & Morgan, of Toledo, Ohio, of counsel), for appellees.

Before DAVIS and THOMPSON, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania dismissing a bill in equity instituted to restrain unfair competition.

The appellant for a number of years has been manufacturing and selling fibre containers. One of the features of the containers is a metal strip used, instead of glue, to bind the fibre and to serve as a distinctive design.

The appellant sold to Frankfort Distilleries, Inc., machines for assembling containers, and, from time to time, containers to be assembled by Frankfort Distilleries, Inc. Subsequently, the Tin Decorating Company manufactured and sold to Frankfort Distilleries, Inc., metal parts and strips of the design used by appellant. Frankfort Distilleries, Inc., assembled these parts with other materials into a container resembling the appellant's product and used it to inclose bottles of liquor.

The appellant is seeking to restrain the appellees, who have purchased the Tin Decorating Company and are carrying on its business, from manufacturing and selling the metal parts and strips. The court below concluded that no cause of action ex-

isted against the appellees, and dismissed the bill.

The basis of the complaint of unfair competition is that containers, which are sold to the trade, are manufactured in a certain distinct way resembling appellant's products. The appellees, however, are not competitors of appellant. They do not manufacture and sell containers to the trade, but merely manufacture and sell to Frankfort Distilleries, Inc., certain metal parts. They had a right to make such metal strips according to the order of Frankfort Distilleries, Inc. Federal Electric Co. v. Flexlume Corporation, 7 Cir., 33 F.2d 412. The Frankfort Distilleries, Inc., and not appellees assemble the containers. If the containers are so assembled that they resemble appellant's products, the appellees are not at fault. But the question whether Frankfort Distilleries, Inc., is in competition with appellant is not involved, since it is not a party defendant, and appellees are not responsible for its acts. Philadelphia Dairy Products v. Quaker City Ice Cream Co., 306 Pa. 164, 159 A. 3, 84 A.L.R. 466.

The decree of the court below, dismissing the bill of complaint, is affirmed.