**CLAIR et al. v. MONTGOMERY WARD & CO.**

**SAME v. SEARS ROEBUCK & CO.**

**Nos. 267, 277.**

District Court, W. D. Missouri, W. D.

Dec. 30, 1940.

See, also, 34 F.Supp. 559.

C. W. Prince, of Kansas City, Mo., for plaintiffs.

Thomas E. Scofield, of Kansas City, Mo., and Armand E. Lackenbach, of New York City, for defendants.

OTIS, District Judge.

These cases originally were pending before Judge Reeves. On August 20, 1940, they were transferred to me. They were set for trial on September 25, 1940, continued from that setting on plaintiffs' application and again set for trial on December 23, 1940. They have been tried together.

The bill alleges infringement by defendants of plaintiffs' patents No. 1,317,912 (the Dyer patent), issued October 7, 1919, and No. 1,577,821 (the Campbell patent), issued March 23, 1926. It is charged that defendants have sold and are selling infringing devices called by the manufacturer "73" and "74". Device No. "73" was patented by Perkins August 10, 1928, (No. 1,791,972). Device No. "74" was patented by Stark June 29, 1934, (No. 1,993,572). The defense has been conducted by Kastar, Inc., a New York corporation, the manufacturer of the devices sold.

Three principal defenses are asserted: (1) invalidity of both patents on the ground of anticipation; (2) non-infringement; (3) laches.

1. The chief reliance is on asserted invalidity. I think the defense has not been maintained. I state briefly the reasons for that conclusion.

The Campbell patent was an improvement on the Dyer patent. Each was intended to prevent shimmying or wobbling in automobiles. While the Campbell patent embodied the same principles as the Dyer patent, the former was cheap, simple, attachable without tools to an automobile, workable in a high degree (several hundred thousand were sold in a single year), the latter was expensive, complex, could not be attached to an automobile except with difficulty and only with alteration in the parts of the automobile, and was never used. Certainly invention is involved in such a simplification as makes that available which was not available, which makes that useful which was not useful, which creates a demand by hundreds of thousands for what before was demanded by none. General Electric Supply Co. v. Maytag Co., 8 Cir., 100 F.2d 218.

I agree with the experts in the patent office that Campbell was entitled to a patent. Their knowledge in this field is greater than mine. The file wrapper shows that they especially considered the Dyer patent. Undoubtedly also they had before them and considered all prior art in the automobile field and all prior art which was suggested by their indices. Such facts are they which give rise to the presumption of validity, a presumption which should be given real effect by courts if it is not to become worthless. If it does become worthless, patents also become worthless except to those who are strong enough to protect themselves without patents. The plaintiffs do not belong to that group.

An independent consideration of the patents urged as anticipating Dyer and Campbell convinces me there was no anticipation. I set out four reasons for this conclusion: (1) None of the prior patents embodies all the essential principles of Dyer and Campbell, (2) it was not even claimed by the inventor of any prior or patent that it had as its object the prevention of wobbling or shimmying (and they are such distinctive movements, so familiar to car drivers, that it will be difficult for anyone to believe that the

666

same thing was meant by any general language about "stabilization"), (3) expert testimony in this case convinces me that none of the prior patents would prevent wobbling or shimmying, (4) the testimony of witnesses in this case as to actual tests made on the road with devices made to the specifications and drawings of prior patents convinces me that they would not prevent wobbling or shimmying.

For the reasons I have stated, I think plaintiffs' patents involve invention and are valid. The hypertechnical assaults on plaintiffs' patents by defendants' most able patent lawyer have not obscured the mountain-like verities which plead plaintiffs' cause.

2. I do not discuss except in a sentence the question of infringement. The defendants' devices seem to me obvious copies of the device protected by the Dyer and Campbell patents. The distinctions are immaterial in the principles involved and scarcely discernible in form.

3. The defense I consider the most serious as against complete recovery by plaintiffs is the defense of laches. Plaintiffs had full knowledge at least as early as 1933 touching the sale by defendants of both devices "73" and "74". Plaintiffs made no complaint and gave no notice of infringement to defendants until they filed these suits (June 29 and July 8, 1936). Notice of infringement would have cost as to each defendant a two cent stamp. The devices sold by defendants were themselves protected by patents presumptively valid. Plaintiffs have no great excuse for their failure to give notice. I have concluded, however, that plaintiffs were not guilty of any such acts of deceit nor of such silence, when they were duty bound to speak, as makes good the defense of laches. Drum v. Turner, 8 Cir., 219 F. 188.

I make the following findings of fact:

I. Plaintiffs are the lawful owners of the patents in suit, to-wit, the Dyer patent, No. 1,317,912, issued October 7, 1919, and the Campbell patent, No. 1,577,821, issued March 23, 1926, together with all rights of action for past infringement thereof.

II. The defendants, Sears, Roebuck & Company, and Montgomery Ward & Company, have marketed and are marketing two forms of devices, one of which is identified by the manufacturer as No. 73, being of a type secured to the tie rod of an automotive vehicle by a suitable clamping device, and the other of which is identified by the manufacturer as No. 74, being of a type secured to the axle of an automotive vehicle by a suitable clamping device. The sale of both of these devices is admitted by the defendants.

III. The manufacturer of these two devices is Kastar, Incorporated, a corporation of the State of New York, which corporation has undertaken the defense of the two suits here tried together, upon consent, and is in complete control and bears the expense thereof.

IV. The Dyer patent, No. 1,317,912, expired on October 7, 1936, and, with respect to such patent, therefore, no question of injunction is involved herein.

V. The Dyer patent was embodied in a device made up of not less than twelve separate parts. It was complex and expensive and could not be attached to an automobile except by an alteration of certain of the parts of the automobile. It was not a practicably usable contrivance. The Campbell patent made use of the same principles as the Dyer patent, but it was simple, inexpensive, easily attached to an automobile without alteration of any of its parts and successful in eradicating from automobiles to which it was applied wobbling and shimmying. Upon its introduction to the trade it immediately came into great demand. In 1924 the manufacturers of the Campbell device sold 893 pairs; in the month of December, 1925, while the application of Mr. Campbell for patent was still pending, the sales increased to 2,411 pairs; in October 1926 they increased to 13,043 pairs and in October 1927 had amounted to 40,715 pairs. In the year 1927 345,000 pairs of the device were sold. The device had pronounced commercial success.

VI. The devices sold by defendants, No. 73 and No. 74, infringed the Dyer patent, to the extent that such devices were sold prior to the expiration of that patent, and infringed the Campbell patent.

VII. With respect to the defendants, plaintiffs were guilty of no such acts of deceit and of no such silence, when they should have spoken, as misled the defendants into the belief that in selling devices No. 73 and No. 74 they were not infringing the Dyer and Campbell patents.

VIII. In a suit in this court between the plaintiffs and the defendant Montgomery Ward & Company, being case No. 774, in-

volving the validity of the Dyer and Campbell patents, a decree was entered May 31, 1929, in accordance with the stipulation of the parties, finding such patents to be valid.

I announce the following conclusions of law:

I. Claim I of the Dyer patent is valid.

II. Claim II of the Campbell patent is valid.

III. The devices sold by defendants, being devices No. 73 and No. 74, infringe Claim I of the Dyer patent and Claim II of the Campbell patent.

IV. Plaintiffs are not precluded from recovering from the defendants on the ground of laches.

V. Plaintiffs are entitled to injunctive relief against the defendants from any further sale of devices infringing the Campbell patent.

VI. Plaintiffs are entitled to recover damages from the defendant, Montgomery Ward & Company, on account of infringing devices sold by that company during a period beginning June 29, 1933, and ending June 29, 1939, and from the defendant, Sears, Roebuck & Company, for a period beginning July 8, 1933, and ending July 8, 1939.

### Exceptions Allowed.

Defendants have requested findings of fact I to XXVI, inclusive, and conclusions of law I to VIII, inclusive, in a document filed contemporaneously herewith. To the extent that any of the findings of fact and conclusions of law requested have not been given, defendants are allowed exceptions. Defendants also are allowed exceptions to each of the conclusions of law announced by the court.

### Issue of Damages.

I do not consider that it should be necessary to incur the expense of a reference in determining the amount of damages to which plaintiffs are entitled in this case. Certainly the parties should stipulate what profits were derived by the defendants from the sales of the infringing devices during the periods set out in the findings and conclusions. The parties will be given an opportunity to so stipulate and to file a stipulation on or before January 15, 1941. If the parties are not able or refuse to stipulate on or before January 15, 1941, then on January 15, 1941, a master will be appointed for the purpose of taking testimony upon the issue of damages and the defendants will be required to make such a deposit as will then be ordered to cover the costs of the reference.

### Indicated Decree.

Counsel for plaintiffs on January 15, 1941, will submit a form of decree providing for the injunctive relief indicated in the findings and conclusions and providing also in appropriate language for the recovery of the amount of damages which will then have been stipulated or which thereafter will be determined.